IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SASHA COATES o/b/o Z.D.N.W., § | | |
|     *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION No. 6:15-cv-488 |
| § | | |
| CAROLYN W. COLVIN § | | |
| Acting Commissioner of Social Security, § | | |
|     *Defendant*. § | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Sasha Coates initiated this civil action pursuant to Social Security Act, Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. The case was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the decision of the Commissioner should be affirmed and the action dismissed with prejudice. Doc. No. 14.

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. Plaintiff has filed an objection to the Report and Recommendation. Doc. No. 15. Specifically, Plaintiff objects to Judge Love's finding that Z.D.N.W. has a less than marked limitation in the domain of interacting and relating to others.

Plaintiff argues that the Magistrate Judge "erroneously concluded that the ALJ correctly determined that Z.W. 'does not have an impairment or combination of impairments that result in either "marked" limitations in two domains of functioning or "extreme" limitation in one domain of functioning.'" Doc. No 15 at 1. Essentially, Plaintiff objects that the Magistrate Judge did not

address the fact that the "ALJ's Decision gives no indication that he attempted to obtain" school records and medical records that Plaintiff believes to be critical. *Id.* at 2. However, it was not necessary for the Magistrate Judge to analyze what additional evidence outside the record the ALJ could have considered in his decision. Instead, the Court's sole responsibility is to determine whether the ALJ followed the proper legal standards and whether the decision is supported by sufficient evidence; as discussed in the Report and Recommendation, the Court may not delve into judicial review beyond that extent. Doc. No. 14 at 2, citing *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). Here, the record consisted of a sufficient amount of evidence for the ALJ to make a disability determination, and the Magistrate Judge correctly found that the ALJ's decision was supported by substantial evidence.

The Magistrate Judge pointed out that the ALJ appropriately considered the evidence— including (1) the Mother's testimony, (2) childhood disability evaluations, (3) the Mother's report to the doctor, (4) the fact that Z.D.N.W would put his dishes away when asked, and most significantly, (5) teacher evaluations—when determining that Z.D.N.W. has less than marked limitations in the domain of interacting and relating to others. Doc. No. 14 at 8. The Magistrate Judge also noted that the ALJ discussed Z.D.N.W.'s problematic behaviors in his decision. *Id.* Therefore, the Magistrate Judge correctly analyzed the ALJ's finding of a less than marked limitation in this domain. Further, because Plaintiff brings this argument before the Court for the first time at the objection stage, the Court declines to accept it as a legitimate basis for granting her objections. For these reasons, the Court overrules Plaintiff's objection.

As such, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly **ORDERED** that the decision of the

Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that any motion not previously ruled on is **DENIED**.

**SIGNED this 6th day of June, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE